# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 1, 2025 Session

## PEPPER BLACK, ET AL. V. THERESA BALDWIN

**Appeal from the Circuit Court for Robertson County**
**No. 74CC1-2022-CV-247          Adrienne Gilliam Fry, Judge**

_____

### No. M2024-00151-COA-R3-CV

_____

The plaintiffs initiated this action based upon multiple theories of speech-related torts and emotional distress in response to the defendant's statements made on her social media concerning them and their business. The defendant moved for dismissal, citing the Tennessee Public Participation Act ("TPPA"), codified at Tennessee Code Annotated section 20-17-101, et seq. The trial court dismissed the action, finding that the TPPA applied and operated to protect her right to free speech and to petition. We now affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, Jr., P.J., M.S., and ANDY D. BENNETT, J., joined.

W. Gary Blackburn, Nashville, Tennessee, for the appellants, Pepper Black and Brad Dozier.

Daniel A. Horwitz, Sarah L. Martin, and Lindsay Smith, Nashville, Tennessee, for the appellee, Theresa Baldwin.

Jonathan Skrmetti, Attorney General & Reporter, J. Mathew Rice, Solicitor General, and Aaron L. Bernard, Assistant Solicitor General, for the appellee, the State of Tennessee.

## OPINION

## I.     BACKGROUND

The facts giving rise to this appeal are in dispute and serve as a great source of tension between the parties. However, all parties appear to agree that Theresa Baldwin ("Defendant") and her daughter ("Daughter") experienced a strain in their relationship that

led to Daughter staying with Pepper Black and Brad Dozier (collectively "Plaintiffs"). Daughter met Plaintiffs through her friendship with Plaintiff Black's daughter while they were minors. Defendant cautioned Plaintiff Black against allowing Daughter to spend time with her children, suggesting that Daughter would negatively influence their family. Over Defendant's objection, Daughter spent significant time at Plaintiffs' residence and even went with them on vacation to Florida.

Defendant alerted police that her minor child was taken without her permission to another state. The authorities allowed Daughter to stay with Plaintiffs following an investigation. Upon her return to Defendant's residence in January 2021, Daughter advised Defendant of the relationship between Plaintiff Black and her children and claimed that she was required to get into bed with the family each night for prayer sessions. Meanwhile, Plaintiffs filed an ex parte petition seeking emergency custody of Daughter, citing Defendant's erratic behavior. They later withdrew their petition.

Defendant enrolled Daughter in a boarding school in an attempt to sever her relationship with Plaintiffs. However, Daughter moved back in with Plaintiffs in February 2022. Once Defendant learned that Daughter was there, she took to social media and published numerous videos on Tik Tok allegedly claiming, *inter alia*, Plaintiff Dozier was a pedophile; that Plaintiffs had kidnapped Daughter; that they are "grooming" her; and that they were cult members. According to Defendant, she began publishing the videos detailing Plaintiffs' behavior toward Daughter to protect Daughter and out of "genuine concern for [Daughter's] safety and wellbeing[.]" Defendant claims she endeavored to "bring awareness—both generally as to the harms of grooming and manipulation, as well as specifically regarding Plaintiffs' behavior so others could navigate similar situations with greater knowledge and understanding." Defendant asserted Plaintiff Black was physically abusive toward her own child and had driven the children while intoxicated. She reported Plaintiff Black's misconduct to the Tennessee Department of Children's Services ("DCS"). Defendant also criticized Plaintiffs' involvement in a multilevel marketing business and discussed Plaintiff Dozier's suspension from the practice of law.

On September 8, 2022, Plaintiffs filed the instant action against Defendant based upon multiple claims for relief, including defamation, intentional infliction of emotional distress, false light invasion of privacy, defamation by innuendo, intrusion of seclusion, interference with business relationships, and violation of the Tennessee Consumer Protection Act ("TCPA") regarding disparagement of a business. They sought injunctive relief and damages. Defendant filed a motion to dismiss, arguing that her activity was protected under the TPPA and subject to dismissal. Defendant alternatively argued that Plaintiffs had failed to state a claim upon which relief could be granted, thereby requiring dismissal pursuant to Rule 12.06 of the Tennessee Rules of Civil Procedure.

Defendant's TPPA motion was specifically filed pursuant to Tennessee Code Annotated section 20-17-104(a), which provides that "[i]f a legal action is filed in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may petition the court to dismiss the legal action." Tenn. Code Ann. § 20-17-104(a). The trial court granted Defendant's petition, finding that the legal action filed against her was in response to her exercise of (1) the right to free speech and (2) the right to petition. The court further found that Plaintiffs had not established a prima facie claim for each essential element of their claims in the legal action and that Defendant had established valid defenses to any such claims. The court awarded Defendant her costs, attorney fees, and additional sanctions in the amount of $40,000 pursuant to the TPPA.

Plaintiffs then filed a motion to alter or amend, questioning the constitutionality of the TPPA. The State of Tennessee moved to intervene in the action pursuant to Rule 24.01 of the Tennessee Rules of Civil Procedure. The parties agreed to the State's intervention for the purpose of defending the constitutionality of the TPPA. The trial court denied the motion to alter or amend, holding that Plaintiffs had waived their constitutional argument by raising the issue for the first time in a post-trial motion. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.      Whether the trial court abused its discretion in ruling that Plaintiffs waived their challenge to the constitutionality of the Tennessee Public Participation Act by raising it for the first time in a motion to alter or amend.

B.      Whether the trial court's failure to prepare its own independent order requires reversal.

C.      Whether dismissal of the appeal is warranted based upon Plaintiffs' failure to follow Rule 27 of the Tennessee Rules of Appellate Procedure.

D.      Whether the trial court erred in its dismissal of the action pursuant to the Tennessee Public Participation Act.

E.      Whether the trial court abused its discretion by awarding sanctions.

F.      Whether Defendant is entitled to attorney fees on appeal.

### III.    STANDARD OF REVIEW

We review a trial court's decision to grant or deny a TPPA petition under a de novo standard of review.  *See Doe v. Roe*, 638 S.W.3d 614, 617 (Tenn. Ct. App. 2021); *Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 657 (Tenn. Ct. App. 2021).  The TPPA requires a petitioner to make "a prima facie case" that the statute applies.  Tenn. Code Ann. § 20-17-105(a).  "Whether a party has made a prima facie case is a question of law."  *Goldberger v. Scott*, No. M2022-01772-COA-R3-CV, 2024 WL 3339314, at *3 (Tenn. Ct. App. July 9, 2024).  We review questions of law de novo with no presumption of correctness.  *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). "Moreover, when an issue on appeal requires statutory interpretation, we review the trial court's decision de novo with no presumption of correctness."  *Nationwide Mut. Fire Ins. Co. v. Memphis Light, Gas & Water*, 578 S.W.3d 26, 30 (Tenn. Ct. App. 2018).

### IV.    DISCUSSION

#### A.

As a threshold issue, Plaintiffs assert that the TPPA is unconstitutional and that the trial court erroneously held that they had waived their argument by raising it for the first time in the motion to alter or amend.  Plaintiffs note that they raised the issue in their memorandum in response to Defendant's motion to dismiss.  The memorandum provides, in pertinent part, as follows:

> [T]he requirement that Plaintiffs respond without the benefit of discovery or even the right to subpoena witnesses to a hearing deprives Plaintiffs of procedural and substantive due process under the Constitutions of the United States and the State of Tennessee.
>
> This objection is presented to preserve, and not to waive this issue.  Should the motion be denied, further discussion of the separation of powers between the Legislative and Judicial Branches of Tennessee's government will be moot.  A constitutional challenge to the [statute] upon which the Defendant's motion is based must be served on the Attorney General of the State of Tennessee.
>
> But Plaintiffs wish *at this juncture* simply to make it clear that this issue is not waived.

(Emphasis added.).  As noted by Plaintiffs in their memorandum, the "Attorney General must be notified of any effort to challenge the constitutionality of Tennessee statutes"

- 4 -

pursuant to Tennessee Code Annotated section 29-14-107(b)[1] and Rule 24.04 of the Tennessee Rules of Civil Procedure.[2] *In re Adoption of E.N.R.*, 42 S.W.3d 26, 33 (Tenn. 2001). Plaintiffs indicated that they did not wish to comply with such notification procedures at that point in the proceedings and waited until *after* the court issued its ruling to properly raise the issue. While the court ensured the proper notification was provided to the Attorney General, it also declined ruling on the issue, citing waiver.

As previously held by our Supreme Court, "[i]t is unreasonable to expect a trial court to suspend a proceeding upon the untimely mention by counsel that a statute is unconstitutional." *Id.* at 33. Plaintiffs' attempt to reserve their constitutional question dependent upon the trial court's ruling is likewise unreasonable and ineffective. "A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (citations omitted). Plaintiffs had ample opportunity to raise the issue prior to the court's ruling. *See In re Adrianna S.*, 520 S.W.3d 548, 561 (Tenn. Ct. App. 2016) (holding that the defendant father waived review of his constitutional challenge when raised for the first time after the close of proof). We, like the trial court, hold that Plaintiffs waived review of their constitutional challenge except to the extent that such statute may be held as obviously unconstitutional. *See generally Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983) (providing that a constitutional issue raised for the first time on appeal must be waived "unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion"). The statute is not obviously unconstitutional.

### B.

Plaintiffs argue that the final order was not the work of the trial court and must be set aside. Tennessee Rules of Civil Procedure 52.01 provides that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Such findings and conclusions must be "the product of the court's independent judgment." *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014). Orders prepared by the court are preferred but not necessarily required. *Id.* at 315–16. Party-prepared orders are permitted if "two conditions are satisfied. First, the findings and conclusions must accurately reflect the decision of the trial court. Second, the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id.*

---

[1] "[I]f the statute . . . is of statewide effect and is alleged to be unconstitutional, the attorney general and reporter shall also be served with a copy of the proceeding and be entitled to be heard."

[2] "When the validity of a statute [] is drawn in question in any action to which the State [] is not a party, the court shall require that notice be given [to] the Attorney General, specifying the [statute.]"

Plaintiffs raised this issue in their motion to alter or amend, stating that the order "does not appear to be that of the court." The court denied this allegation. Our review confirms that the record does not create doubt that the decision reviewed and signed by the court represents the court's own deliberations and decision. The trial court's order is sufficient for our review in accordance with the Tennessee Rules of Civil Procedure.

### C. & D.

The TPPA's stated purpose is "to encourage and safeguard the constitutional rights of persons to petition, to speak freely, to associate freely, and to participate in government to the fullest extent permitted by law and, at the same time, protect the rights of persons to file meritorious lawsuits for demonstrable injury." Tenn. Code Ann. § 20-17-102. We must construe the TPPA "broadly to effectuate its purposes and intent." *Id.* The TPPA is an "anti-SLAPP" statute, i.e., it was enacted to protect individuals from "strategic lawsuits against public participation." *Nandigam*, 639 S.W.3d at 657.

The TPPA provides, in relevant part, that "[i]f a legal action is filed in response to a party's exercise of the right of free speech [or] right to petition . . . , that party may petition the court to dismiss the legal action." Tenn. Code Ann. § 20-17-104(a). The exercise of the right of free speech is defined as "a communication made in connection with a matter of public concern . . . that falls within the protection of the United States Constitution or the Tennessee Constitution." Tenn. Code Ann. § 20-17-103(3). The exercise of the right to petition is defined as "a communication that falls within the protection of the United States Constitution or the Tennessee Constitution and . . . [i]s intended to encourage consideration or review of an issue by a federal, state, or local legislative, executive, judicial, or other governmental body[.]" Tenn. Code Ann. § 20-17-103(4)(A).

Here, Defendant asked the trial court to dismiss Plaintiffs' action because Plaintiffs filed it in response to her exercise of the right to free speech and to petition. As such, she had the initial burden of "making a prima facie case that [the] legal action ... is based on, relates to, or is in response to that party's exercise of the right to free speech [and] to petition[.]" Tenn. Code Ann. § 20-17-105(a). If the petitioning party meets this initial burden, then "the court shall dismiss the legal action unless the responding party establishes a prima facie case for each essential element of the claim in the legal action." Tenn. Code Ann. § 20-17-105(b). Additionally, "Notwithstanding subsection (b), the court shall dismiss the legal action if the petitioning party establishes a valid defense to the claims in the legal action." Tenn. Code Ann. § 20-17-105(c).

Now on appeal, Defendant asserts that this appeal should be dismissed and review of the trial court's decision is unnecessary due to various deficiencies in the brief, e.g., failure to cite to the record at points throughout, failure to develop arguments on certain issues, and failure to cite authority in support of arguments raised. While we do note some

deficiencies in the brief, we find Defendant's claim that Plaintiffs failed to develop their arguments on certain issues most compelling. Defendant asserts that Plaintiffs have only appealed the trial court's free speech ruling and have not raised any issue or developed any arguments relating to the court's finding that the action was filed in response to Defendant's right to petition and subject to dismissal pursuant to the TPPA.

"[W]here a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal." *Buckley v. Elephant Sanctuary in Tennessee, Inc.*, 639 S.W.3d 38, 55 (Tenn. Ct. App. 2021); *see also Halliman v. Austin Peay State Univ.*, No. M2023-01326-COA-R3-CV, 2024 WL 5103386, at *2 (Tenn. Ct. App. Dec. 13, 2024), *appeal denied* (Apr. 17, 2025) (affirming the dismissal of a claim not raised on appeal); *Lovelace v. Baptist Mem'l Hosp.-Memphis*, No. W2019-00453-COA-R3-CV, 2020 WL 260295, at *5 (Tenn. Ct. App. Jan. 16, 2020) (holding that the failure to properly challenge one of two independent bases of dismissal resulted in waiver of both grounds); *Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *7 (Tenn. Ct. App. Aug. 6, 2018) ("Generally, where a trial court provides more than one basis for its ruling, the appellant must appeal all the alternative grounds for the ruling."); *Duckworth Pathology Grp., Inc. v. Reg'l Med. Ctr. at Memphis*, No. W2012-02607-COA-R3-CV, 2014 WL 1514602, at *12 (Tenn. Ct. App. Apr. 17, 2014) (holding that the failure to appeal all alternative grounds for dismissal obviates the need to consider the issues raised).

As stated previously, the trial court found that the legal action was filed in response to Defendant's (1) right to free speech *and* (2) right to petition. The trial court based its ruling on these two alternative, independent grounds. As to the right to free speech, the court found that Defendant "established a prima facie case that the [] legal action against her is based on, relates to, or is in response to her exercise of the right to free speech." Plaintiffs argue on appeal that this finding was erroneous because Defendant's speech related to matters of private, not public concern. As to the right to petition, the court found that Defendant established "with admissible evidence that this action was filed shortly after and in response to [her] reporting [Plaintiffs] to DCS" and that "[Plaintiffs] have sued her for a presumptively protected communication that was intended to encourage consideration or review of an issue by a governmental body." Plaintiffs' brief does not include this ruling as an issue on appeal and is devoid of any argument on this issue.[3] Accordingly, we must conclude that Plaintiffs have waived review of the trial court's dismissal of the action pursuant to the TPPA by failing to appeal all alternative grounds of dismissal.

---

[3] The same holds true for the reply brief, which focuses solely on the constitutional issue. However, we note that discussion of the issue in the reply brief would not cure the waiver. *Hatfield*, 2018 WL 3740565, at *8 ("It is well-settled, however, that appellants may not raise new issues in their reply briefs or use reply briefs to correct deficiencies in initial briefs.").

E.

Plaintiffs argue that the trial court abused its discretion in awarding sanctions pursuant to Tennessee Code Annotated section 20-17-107(a)(2), which provides that the trial court shall award any additional relief, including sanctions, "that the court determines necessary to deter repetition of the conduct by the party who brought the legal action or by others similarly situated." The statute is clear that the award of sanctions is a discretionary decision. "Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not allow an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). Appellate courts should not overturn a trial court's decision merely because reasonable minds could reach a different conclusion. *Eldridge*, 42 S.W.3d at 85.

The trial court found that an award of sanctions was necessary to deter repetition of Plaintiffs' conduct, noting as follows:

> Plaintiff Dozier is an experienced attorney. He has a history of ethical misconduct for which he has been sanctioned, including a suspension from the practice of law and a public censure of which the court has taken judicial notice. The Plaintiffs have previously initiated litigation against the Defendant and engaged in questionable conduct toward the Defendant during the litigation of this case that appears vindictive. The Defendant has also introduced evidence of her need to incur substantial out-of-pocket expenses as a result of this litigation; the debt that she incurred to finance her defense; the difficult financial and emotional effects that this litigation had on her; and Plaintiff Black's ability to pay the sanction sought. The Court further considers that Plaintiffs sought $3 million from the Defendant.

Following our review and in deference to the trial court's discretion in such matters, we affirm the trial court's award of sanctions against Plaintiffs.

F.

Defendant requests her attorney fees on appeal pursuant to Tennessee Code Annotated section 20-17-107(a)(1), which provides that "[i]f the court dismisses a legal action pursuant to a [TPPA petition], the court shall award to the petitioning party . . .

[c]ourt costs, reasonable attorney[] fees, discretionary costs, and other expenses incurred in filing and prevailing upon the petition[.]" Having affirmed the trial court's dismissal of the action pursuant to the TPPA, we now award attorney fees on appeal pursuant to Section 20-17-107(a)(1). *See Nandigam*, 639 S.W.3d at 670 (holding that the TPPA allows for an award of attorney fees incurred on appeal provided that the trial court dismissed the underlying action pursuant to the TPPA and that the defendant issued a proper request for such fees incurred on appeal). We remand this action to the trial court for a determination of the proper amount of attorney fees and costs incurred by Defendant on appeal.

## V.    CONCLUSION

For the reasons stated above, we affirm the dismissal of the action and remand for a determination of the proper amount of attorney fees and costs incurred on appeal. Costs of the appeal are taxed equally to the appellants, Pepper Black and Brad Dozier.

_____
JOHN W. MCCLARTY, JUDGE